## DUFFY–MOTT CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 15, 1923.)

### No. 2870.

Food ⟷24—Evidence held to make question for jury as to misbranding of beverage bottled to look like champagne.

Evidence as to the resemblance between the bottles and labels of carbonated apple juice with capsicum added, and those used for champagne, sold under the same name, *held* to make a question for the jury as to misbranding by reason of false or misleading statements, etc., within Pure Food and Drug Act, § 8 (Comp. St. § 8724).

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Proceeding by the United States to forfeit nine cases of "Sparkling White Seal," claimed by the Duffy-Mott Company. Judgment for the United States, and claimant brings error. Affirmed.

Samuel W. Cooper and Robert J. Sterrett, both of Philadelphia, Pa., and William W. Armstrong, of Rochester, N. Y., for plaintiff in error.

George W. Coles, U. S. Atty., and Joseph L. Kun, Sp. Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below it appeared that the government had seized for forfeiture nine cases of "Sparkling White Seal" and that the Duffy-Mott Company appeared and claimed the same. Thereupon the alleged cause of forfeiture was tried by a jury, and a verdict having been found for the government, and judgment entered thereon, claimant brought this writ of error.

The decisive question is the alleged error of the court in refusing claimant's request for binding instructions. After examination of the issue and proofs, we are of opinion the point was properly refused. The proceeding was under the Pure Food and Drug Act (Comp. St. § 8724) which provided:

"An article shall be deemed misbranded * * * in the case of food * * * if the package containing it, or its label, shall bear any statement, design or device regarding the ingredients, or the substance contained therein, which statement, design or device shall be false or misleading in any particular."

The proofs show a well-known brand of champagne, called "White Seal," was sold in a distinctive bottle, the mouth of which was sealed with a white cap or covering. Such champagne could be sold by a druggist on prescription under legal permit. The claimant put carbonated apple juice, with capsicum added, into bottles, which in form and dress bore semblance to the White Seal champagne and labeled them "Sparkling White Seal." Referring to some, but not all, of the testimony, one witness, experienced in the champagne trade, testified:

"The appearance of the bottle is misleading. At a distance I would think it was a pint of champagne."

The testimony of another experienced witness was:

"Q. In 'design' and 'device,' can you say whether or not that bottle is misleading?, A. It appears to me from here a bottle of champagne, as I would understand it.

"Q. Can you say whether or not in its general make-up it is misleading? A. *In its general make-up it is, to my mind.*

"Q. In the trade. Would it be generally misleading to the trade, to the consuming trade? A. It all depends. It would depend on where the goods were sold. If they were sold in a grocery store, I do not think so. If in a drug store, *they might.*

"Q. But I mean in its make-up without respect to where it was sold? A. In the style of the package you mean, in other words?

"Q. Yes. A. The style of the package is misleading.

"Q. The style of the package is misleading? A. Yes sir. * * *

"Q. And if you could have read the words 'Duffy-Mott' from your seat upon the witness stand, you would not have answered, would you, that it looked like champagne? A. On the table there it looks like a champagne package, and I might say it looks like a bottle of champagne, unless I looked at the bottle closely and saw the label; then I would know it was not."

The court below rightly summed up the substantial question involved in the case in these words:

"If the jury believe that the use of the words 'Sparkling White Seal,' taken in connection with the way the bottle is put up, is a misleading statement, and taken in connection with everything else that is contained on the label the jury believe that the public generally would be deceived into thinking that they were buying champagne when in fact they were getting carbonated apple juice, with some capsicum in it, then the government has made out its case. * * * The jury must find, not that they might think it was some other kind of apple juice, or they might think it was some other kind of beverage, but they might think it was champagne. If the public is not deceived into thinking it is champagne, then the government has failed to make out a case."

Under such proofs, manifestly the court would have been in error, had it withdrawn the case from the jury.

Finding the mode of submission and charge given to the jury were fair and without error, the judgment below is affirmed.